349 A.2d 158.

RONALD THORNLEY *vs.* JAMES MULLEN, *Warden.*

DECEMBER 16, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This case is before us on the defendant-Thornley's appeal from judgments[1] entered in the Superior Court denying his application for relief under our recently enacted Post Conviction Remedy Act. General Laws 1956 (1969 Reenactment), chapter 9.1 of title 10.

On May 1, 1972, the grand jury returned two indictments against defendant: Indictment No. 72-590 charged him with assault with a dangerous weapon; and Indictment No. 72-589 charged him with committing a crime of violence while in possession of a firearm. The indictments were consolidated for trial before a justice of the Superior Court and a jury. The defendant was found guilty on each charge. The facts upon which the jury based its verdict are set forth in *State* v. *Thornley,* 113

---

[1]The judgments were filed *nunc pro tunc* on November 17, 1975.

R. I. 189, 319 A.2d 94 (1974), and require no repetition here. After the denial of his motion for a new trial, defendant was sentenced to 7 years at the Adult Correctional Institutions under the indictment charging him with committing a crime of violence while armed with a firearm. On the assault charge the trial justice imposed a consecutive 10-year suspended sentence and 10 years' probation.

The defendant's appeal was denied and dismissed by this court on May 13, 1974. *State* v. *Thornley, supra* at 197, 319 A.2d at 98.

On July 18, 1974, defendant filed a petition for a writ of habeas corpus with this court. We denied the petition without prejudice and remanded the case to the Superior Court with direction that the petition be heard there as an application for post-conviction relief under our Post Conviction Remedy Act. *Thornley* v. *Mullen,* 113 R. I. 954, 326 A.2d 866 (1974).

The application for post-conviction relief was heard in part by each of two justices of the Superior Court. It was originally heard by a justice of that court on October 31, 1974. The application raises two basic issues.

## I

Under the first, defendant argues that the trial justice who presided at the jury trial violated defendant's sixth amendment constitutional rights by limiting the scope of defense counsel's inquiry concerning the "totality of circumstances" surrounding the identification of defendant by the victim of the alleged assault. On November 18, 1974, the justice who presided at the October 31, 1974 hearing held that the questions raised by defendant under this issue were identical to those raised and rejected by us in defendant's appeal in *State* v. *Thornley, supra,* and that our decision finding no violation of defendant's constitutional rights with respect to the identification procedure was res judicata. Accordingly, he denied defend-

ant's application insofar as the instant issue was concerned. For the reasons that follow we affirm his ruling.

A comparison of the questions raised and argued by defendant in this proceeding with those raised, argued and decided in *State* v. *Thornley, supra,* shows that they are substantially identical. It will serve no useful purpose to discuss those questions in detail. It suffices to say that in *Thornley* we considered and rejected identical constitutional challenges and defendant has shown nothing in this proceeding to warrant a change in our position. Moreover, even if defendant did not raise this issue in *State* v. *Thornley, supra,* we find nothing in this record which even remotely shows any violation of his sixth amendment rights.

## II

After disposing of the identification issue, the justice who heard and disposed of that part of defendant's application transferred the matter to the justice who presided at the jury trial portion of this case for consideration of that portion of the petition requesting dismissal of either Indictment No. 72-589 or Indictment No. 72-590. He held a hearing regarding defendant's application on November 27, 1974. At this hearing he granted defendant's motion to amend his application for relief in order to permit defendant to raise the question of the applicability of our recent decision in *State* v. *Boudreau,* 113 R. I. 497, 322 A.2d 626 (1974) to the case at bar. In that case we reversed the defendant's conviction of committing a crime of violence while in possession of a firearm in violation of §11-47-3. The defendant had already been found guilty by the same jury of assault with a dangerous weapon in violation of §11-5-2, both offenses having arisen from the same set of facts. We held that Boudreau's conviction under §11-47-3 was invalid because it violated

Boudreau's right not to be placed twice in jeopardy. We stated that:

> "When viewing the elements of the two alleged offenses on the facts of this case, we find the crimes in this particular instance to be essentially the same. In order to prove Boudreau guilty of the assault with a dangerous weapon, it is necessary to prove the same elements as are required to convict him on the charge of the commission of a felony with the use of a firearm.

> "No proof of any additional facts is required. A loaded revolver is a dangerous weapon per se. Once the elements constituting the assault charge were established, those of the other offense necessarily had been established also." *Id.* at 503, 322 A.2d at 629.

It is undisputed that the fact situation in *Boudreau* is substantially the same as that in the case at bar. At the hearing in the Superior Court, defendant argued that in light of our decision in *State* v. *Boudreau, supra,* justice required that one of defendant's sentences be vacated.

The trial justice, in reliance on Super. R. Crim. P. 12 (b)(2), rejected defendant's argument on the ground that by failing to raise this defense by motion before trial defendant waived the defense of double jeopardy.[2] However, out of an abundance of caution and considering the possibility that, in the event of an appeal to this court,

---

[2]Super. R. Crim. P. 12(b)(2) reads as follows:

"Defenses and Objections Which Must Be Raised. The defense of double jeopardy and all other defenses and objections based on defects in the institution of the prosecution or in the indictment, information, or complaint other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment, information, or complaint to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

we might disagree with his conclusion, the trial justice put on the record the reasons for the sentences he had imposed upon defendant and also stated what he would do if *Boudreau* was applicable. He said in pertinent part:

"It seems to me that here there was a failure to assert the defense; there was a waiver; and I so hold, but in the event I'm wrong on that * * * I'll put on this record that my intention in sentencing this Defendant is clearly set forth in the transcript going to the sentence where I said * * *."

After explaining his reasons, he continued as follows:

"Then I sentenced him seven years to serve on Indictment 72-589, that being the indictment where the statute mandated a minimum of two years with no suspension of sentence, no probation, no deferment of sentence. My intention obviously was that this young man had to do some lengthy time, based on the nature of that offense and his past record. On the other charge, where I had discretion, I imposed the maximum ten years and suspended that; that was assault with a dangerous weapon. So, as I say, if I'm wrong in holding that there was a waiver here and that both these sentences should stand, then under *Boudreau* — conditionally under *Boudreau* — I affirm or confirm the sentence imposed in Indictment 72-589, the seven years, and dismiss the indictment, assault with a dangerous weapon, 72-590. Now, that ought to wrap it up, gentlemen, so that the Supreme Court can take a good look at it and not have to send it back for any other reason."

On this record we cannot agree with the trial justice's conclusion that the defendant waived any rights which accrued under *State* v. *Boudreau, supra,* because of his failure to raise the question of double jeopardy by motion before trial as required by Rule 12(b)(2).

Although certain constitutional rights may be waived under certain circumstances, *see, e.g., Miranda* v. *Arizona,* 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Fay* v. *Noia,* 372 U. S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963);

*Johnson* v. *Zerbst,* 304 U. S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), in order to have a valid waiver, there must be "an intentional relinquishment or abandonment of a known right or privilege." *Id.* at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1466. The defendant in the case at bar went to trial before a jury in October 1972 and we denied and dismissed his appeal from his conviction in that case on May 13, 1974. Our decision in *State* v. *Boudreau, supra,* was not filed until July 26, 1974. Thus, at the time of his trial the defendant did not know that he had the "right or privilege" to file a motion asserting the defense of double jeopardy on the basis of a decision filed by this court in July 1974. In the circumstances how can it be said that the defendant intentionally relinquished or abandoned a known right or privilege? The answer is clear. In the absence of such knowledge by the defendant we cannot say that the defendant intentionally relinquished or abandoned any known right or privilege and therefore we must conclude that the record does not support the trial justice's finding of waiver. In the absence of a valid waiver the defendant is entitled to the benefit of our decision in *State* v. *Boudreau, supra.* Having concluded that *Boudreau* is applicable we now address the question of what relief should be available here. In *Boudreau,* as previously stated, we reversed one of the convictions and affirmed the other. In the instant case we have the benefit of the trial justice's reasoning relative to the sentences and to what he would do in the event this court held *Boudreau* was applicable. We agree with his rationale and adopt his suggestion.

The defendant's appeal as it relates to the indictment charging him with committing a crime of violence while in possession of a firearm is denied and insofar as it relates to the indictment charging him with assault with a dangerous weapon it is sustained. The case is remanded

512

to the Superior Court for further proceedings in accordance with this opinion.

Mr. Chief Justice Roberts did not participate.

*William J. Burke, William P. Butler,* for petitioner.

*Julius C. Michaelson,* Attorney General, *William Granfield Brody,* Special Asst. Attorney General, for respondent.