384 A.2d 1061.

STATE *v.* WILLIAM M. DAVIS.

APRIL 20, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

84

JOSLIN, J.   This case is here on the state's appeal from a Superior Court order granting the defendant's motion to dismiss an indictment charging him with extortion. The question raised by the appeal is whether the state may prosecute the defendant for extortion under the circumstances herein described without violating his right, under the double jeopardy provisions of the federal and state constitutions,[1] not to be twice tried or punished for the same crime.

The indictment charges defendant with committing extortion on February 15, 1975, in violation of G.L. 1956 (1969 Reenactment) §11-42-2; more specifically, it charges that on that day, defendant maliciously threatened to break the jaw of one Monroe Allen and to throw him out of his office window unless he ceased complaining to the local police about sanitary conditions at defendant's landfill area. After the event giving rise to that indictment but before the indictment was returned, defendant was convicted and sentenced to 1 year's probation for committing an assault and battery on Allen. That offense occurred on February 25, 1975 when defendant, upon meeting Allen at the statehouse, verbally abused him and spat on him.

---

[1]The defendant's motion refers to art. I, §7 as the double jeopardy provision of our state constitution. It provided in part that

"No person shall, after an acquittal, be tried for the same offense."

However, that provision was annulled in 1973 when art. XL of the amendments was adopted. It provides in part that

"No person shall be subject for the same offense to be twice put in jeopardy."

Following his conviction for assault and battery, defendant moved to dismiss the extortion indictment. He contended that the assault and battery charge on which he had been convicted was a lesser included offense within the greater offense of the crime of extortion on which he had been indicted, and that consequently prosecution on that indictment was barred by the double jeopardy provision of the federal and state constitutions. In granting that motion, the trial justice said, "It seems to me, that the matter could have all been heard at one time. To put this defendant to trial again on practically the same evidence, I think, is a great imposition both upon the State and the defense. I am going to grant the defendant's motion."

The state appealed that ruling pursuant to G.L. 1956 (1969 Reenactment) §9-24-32, as amended by P.L. 1972, ch. 169, §10. Insofar as here pertinent, that enactment permits the state to appeal from a Superior Court finding, ruling, decision, order or judgment in any criminal proceeding until the defendant has been placed in jeopardy.

The double jeopardy clause of the fifth amendment, made obligatory upon the states by the fourteenth amendment, *Benton* v. *Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969), provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb * * *." That clause embodies several inter-related protections, including prohibitions against litigation of the facts underlying a prior acquittal and imposition of additional punishment after a prior conviction and sentence. *Brown* v. *Ohio*, 432 U.S. 161, 165-66, 97 S. Ct. 2221, 2225, 53 L. Ed. 2d 187, 193 (1977). The clause also bars the state from requiring an accused who has been convicted of a greater offense to defend against a second prosecution on a lesser included offense, *Jeffers* v. *United States*, 432 U.S. 137, 150, 97 S. Ct. 2207, 2216, 53 L. Ed. 2d 168, 180 (1977), and, conversely, forbids re-prosecution for a greater offense once an accused has been tried for a lesser included offense, *Brown* v. *Ohio*, 432 U.S. at 168, 97 S. Ct. at 2225, 53 L. Ed. 2d at 193.

Our problem, however, is not so much with defining the parameters of the protections afforded as with determining when an accused stands in danger of being twice tried or punished for the same offense. The test which we have adopted[2] for making that determination was fashioned in *Blockburger* v. *United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). It is often referred to as the "same evidence" test and is stated as follows:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S. Ct. at 182, 76 L. Ed. at 309.

The test centers on the elements of the two crimes with the goal of ascertaining whether each crime charged, notwithstanding a possible factual overlap, requires proof of an element that the other does not. *Iannelli* v. *United States*, 420 U.S. 770, 785 n.17, 95 S. Ct. 1284, 1293-94 n.17, 43 L. Ed. 2d 616, 627 n.17 (1975). Thus, if each crime requires proof of an additional fact, neither an acquittal nor a conviction of one crime immunizes an accused from prosecution and punishment for the other. If, however, the same evidence suffices to establish both crimes, a defendant may not be prosecuted a second time nor be twice punished.

In this case one of the crimes charged is assault and battery. That crime, which incorporates the lesser included crime of assault, is the intentional and unlawful application of the slightest force to the person of another. Perkins, *Criminal Law* at 107 (2d ed. 1969). Extortion, on the other hand, consists of a verbal threat to place a victim in peril of actual bodily harm, accompanied by an intent to compel that victim to do an act against his will.[3]

---

[2] *State* v. *Grullon*, 117 R.I. 682, 686, 371 A.2d 265, 267 (1977); *State* v. *Boudreau*, 113 R.I. 497, 503, 322 A.2d 626, 629 (1974); *State ex rel. Scott* v. *Berberian*, 109 R.I. 309, 316, 284 A.2d 590, 594 (1971).

[3] Extortion is defined by G.L. 1956 (1969 Reenactment) §11-42-2, which reads:

These definitions clearly evidence that each of the crimes requires proof of a different element. Thus, a touching of the victim's person is an essential element of an assault and battery, but not of an extortion; and proof of a coercive intent, while a prerequisite to establishing an extortion, has no place in a prosecution for assault and battery. We need not go further to conclude that under the "same evidence" test, defendant's conviction for assault and battery did not bar subsequent prosecution of the extortion indictment.

Another and more generous approach to the double jeopardy prohibition, however, focuses on the transaction rather than on the evidence. This "same transaction" test bars re-prosecution and multiple punishment "if a defendant's conduct constituted a single act or transaction, or was motivated by a single intent." Comment, *Twice in Jeopardy*, Yale L. J. 262, 276 (1965-66). A principal exponent of this test is Mr. Justice Brennan who, in several dissenting and concurring opinions, has clung to the view that "the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe v. Swenson*, 397 U.S. 436, 453-54, 90 S. Ct. 1189, 1199, 25 L. Ed. 2d 469, 481 (1970)(Brennan, J., concurring); *accord, Brown v. Ohio*, 432 U.S. 161, 170, 97 S. Ct. 2221, 2227, 53 L. Ed. 2d 187, 196 (1977)(Brennan, J., concurring); *Thompson v. Oklahoma*, 429 U.S. 1053, 97 S. Ct, 768, 50 L. Ed. 2d 770 (1977)(Brennan, J., dissenting), and cases collected therein.

In this case the trial justice apparently relied on the "same transaction" test when he dismissed the indictment on

"Whoever, verbally or by a written or printed communication, maliciously threatens to accuse another of a crime or offense, or by a verbal or written or printed communication maliciously threatens any injury to the person or property of another, with intent thereby to extort money or any pecuniary advantage, or with intent to compel any person to do any act against his will, shall be punished by imprisonment in the adult correctional institutions for not more than fifteen (15) years, or by a fine of not more than five thousand dollars ($5,000), or both."

double jeopardy grounds. The defendant, however, has not argued that we should replace the "same evidence" standard, which now prevails in this state, with the "same transaction" test. Furthermore, even if we were to adopt the "same transaction" test, defendant has failed to establish that the extortion indictment and the assault and battery charge should have been jointly tried.

The defendant does argue, however, that the sentencing judge, in fixing sentence on the assault and battery conviction, considered evidence of defendant's alleged extortive activities. Any complaints that the justice erred, either in admitting that evidence or in considering it when he imposed sentence, should have been registered by defendant in that case. Those complaints are not germane to this case and nowise support defendant's assertion that the assault and battery and the extortion consituted the "same offense."

The defendant further contends that the state's failure to interpose a timely objection to the trial justice's dismissal of the extortion indictment, as required by Super. R. Crim. P. 51, precludes its appeal of that ruling.[4] The short answer to that contention is that the trial justice did not dismiss the indictment until after he had heard arguments from the defendant in favor of dismissal and from the state in opposition. The defendant has ponted out that, immediately following dismissal of the indictment, the assistant

---

[4]Super. R. Crim. P. 51 provides:

"Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor if requested; and if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him. With the consent of the court a party may object to an entire line of testimony, or to the entire testimony of a witness, or to testimony on a single subject matter, and if such objection shall be overruled, it shall not be necessary for the party to repeat his objection thereafter, but every part of such testimony thereafter introduced shall be deemed to have been duly objected to and the objection overruled."

attorney general in charge of the case, notwithstanding his earlier arguments against dismissal, told the dismissing justice, "I think you are absolutely right." We do not pretend to comprehend either the meaning of that comment or what prompted it. But even assuming that the comment evidenced the spokesman's agreement with the ruling, we fail to comprehend how a subsequent decision by his superior to appeal the ruling in any way unfairly prejudices the defendant.

The state's appeal is sustained, the ruling dismissing the indictment is overruled, and the case is remanded to the Superior Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *Nancy Marks Rahmes,* Special Assistant Attorney General, for plaintiff.

*John D. Archetto,* for defendant.