## W. Edward WOOD

v.

## B. Albert FORD et al.

### No. 80–424–M.P.

Supreme Court of Rhode Island.

Jan. 15, 1981.

Sean O. Coffey, Chief Legal Counsel, Dept. of Environmental Management, Providence, for petitioner.

Dennis J. Roberts II, Atty. Gen., John S. Foley, Sp. Asst. Atty. Gen., Frank Caprio, Charles K. Tibaldi, Anthony F. Del Bonis, Providence, for respondents.

### ORDER

The petition for writ of certiorari is granted.

■

## STATE

v.

## Ronald F. BARTON et al.

### No. 79–429–C.A.

Supreme Court of Rhode Island.

Jan. 16, 1981.

Dennis J. Roberts II, Atty. Gen., Stephen Lichatin III, Sp. Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Peter A. DiBiase, Richard A. Gonnella, Providence, for defendants.

### ORDER

In May 1979 the defendants each filed an appeal following their convictions in the Superior Court on an indictment which charged them with conspiracy to break and enter into a building in the nighttime with intent to commit larceny therein, the possession of burglary tools, and the malicious destruction of communication lines belonging to the New England Telephone Company. The trial record was filed in this court on December 4, 1979.

In September 1980, both defendants filed motions which sought the dismissal of the indictment. The motions are an effort, in the light of our holding in *State v. Jenison*, R.I., 405 A.2d 3 (1979), to challenge the composition of the grand jury which indicted them and the jury which heard the evidence. Arguments on the motions and the merits of the appeal were heard by us on October 6, 1980. Barton subsequently renewed his motion.

Three days after oral argument, on October 9, 1980, we entered an order clarifying our holding in *State v. O'Coin*, R.I., 417 A.2d 310 (1980), where we first addressed the question of the retroactive application of the *Jenison* rule. In that order we emphasized that the only defendants who might benefit in any manner from the *Jenison* rule were those who, before trial, had challenged the composition of the grand or petit jury by filing a motion prior to trial pursuant to Super.R.Crim.P. 12(b)(2) and (3). Neither defendant invoked the rule, and their reliance on *State v. McGehearty*, R.I., 394 A.2d 1348 (1978), and *Thornley v. Mullen*, 115 R.I. 505, 349 A.2d 158 (1975), is totally misplaced. *See State v. Gibbons*, R.I., 418 A.2d 830 (1980).

Accordingly, the so-called O'Coin motions filed by or on behalf of the defendants are hereby denied.

BEVILACQUA, C. J., did not participate.