**STATE**

v.

**Boleslaw GRABOWSKI.**

No. 93–599–C.A.

Supreme Court of Rhode Island.

June 22, 1994.

Jeffrey Pine, Atty. Gen., David Prior, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

William A. DiMitri, Jr., DiMitri & DiMitri, Providence, for defendant.

## OPINION

LEDERBERG, Justice.

This case came before the Supreme Court on the appeal of Boleslaw Grabowski (defendant) from the denial of his posttrial motion to dismiss the indictment and from the denial of his motion for a new trial. A jury found the defendant guilty of possession of a sawed-off shotgun and of alteration of the identification marks upon that gun, but acquitted him of first-degree murder and dead-

locked on the offenses of second-degree murder and manslaughter. The primary issue on appeal is whether the prohibition against double jeopardy prevents the defendant from being retried on the charge of second-degree murder. The second issue on appeal is whether the waiver-of-jurisdiction hearing in Family Court bars prosecution of the defendant in Superior Court. For the reasons stated herein, we affirm the orders appealed from, and we conclude that retrial is not barred.

## I

## FACTS

On November 16, 1990, the Providence police reported the discovery of the slain body of Robert DeShaies (DeShaies) located at 340 Broadway, Providence, Rhode Island.[1] The cause of death was described as a carotid-artery-piercing gunshot wound to the neck.

The defendant was subsequently arrested and charged, *inter alia,* in the Family Court with the murder of DeShaies. The State of Rhode Island (state) then petitioned the Family Court to waive its jurisdiction over defendant, who was a juvenile at that time. The Family Court granted the petition and referred defendant to the Superior Court to be tried as an adult. On September 13, 1991, defendant was indicted in the Superior Court (Superior Court indictment), *inter alia,* for the November 16, 1990 murder of DeShaies, for possession of a sawedoff shotgun, and for alteration of the identification marks upon a firearm.

After trial the jury acquitted defendant of first-degree murder but found him guilty of possessing and altering the identification marks upon a sawed-off shotgun. The jury deadlocked on the charges of second-degree murder and manslaughter. Subsequently, defendant filed a motion to dismiss the Superior Court indictment on grounds of double jeopardy, and defendant moved for a new trial. The trial justice heard and denied both motions on August 20, 1993. In response,

defendant filed the instant appeal in accordance with G.L.1956 (1985 Reenactment) § 9–24–32.

## II

## DOUBLE JEOPARDY

■ On appeal, in support of his position advocating dismissal of the Superior Court indictment, defendant argued that because first-degree murder and second-degree murder constitute the "same offense" under Rhode Island law, his retrial for second-degree murder following his acquittal on the charge of first-degree murder would violate his constitutional rights against double jeopardy embodied in article 1, section 7, of the Rhode Island Constitution and the Fifth Amendment to the United States Constitution. We conclude that retrial for second-degree murder does not violate the double-jeopardy clause.

■ The double-jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Although the double-jeopardy clause has been interpreted as providing a "complex of rights," *State v. Torres,* 524 A.2d 1120, 1123 (R.I.1987), at its heart lies the prohibition "against multiple prosecutions for 'the same offense.' " *Jeffers v. United States,* 432 U.S. 137, 150, 97 S.Ct. 2207, 2216, 53 L.Ed.2d 168, 180 (1977). Thus, an accused may not be retried on the same charge following acquittal on that charge. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977).

■ In ascertaining whether a defendant is threatened with being twice prosecuted for the "same offense," the separate statutorily defined crimes need not be "identical." *Id.* at 164, 97 S.Ct. at 2225, 53 L.Ed.2d at 193. Rather, this court applies the "same evidence" test to determine whether a defendant is being placed in double jeopardy for the same offense. *State v. Davis,* 120 R.I. 82, 86, 384 A.2d 1061, 1064 (1978). Adopted

---

1. The record in this case is devoid of a transcript of the trial proceedings and contains only a transcription of the August 20, 1993 hearing on de-fendant's motion to dismiss and defendant's motion for new trial.

by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), and by this court in *State ex rel. Scott v. Berberian,* 109 R.I. 309, 316–17, 284 A.2d 590, 594–95 (1971), *cert. denied,* 405 U.S. 1036, 92 S.Ct. 1314, 31 L.Ed.2d 577 (1972), the same evidence standard provides that whenever a criminal episode violates multiple statutory provisions, the accused may be prosecuted for each offense only if each crime requires "proof of an element distinct from the other." *State v. Malouin,* 433 A.2d 176, 178 (R.I.1981). *Accord Davis,* 120 R.I. at 86, 384 A.2d at 1064. Hence, the determination of whether first-degree and second-degree murder constitute the same offense requires careful examination and comparison between elements of the two degrees of murder under Rhode Island law. *See State v. Pope,* 414 A.2d 781, 788 (R.I.1980).

III

MURDER IN THE SECOND DEGREE

■ General Laws 1956 (1981 Reenactment) § 11–23–1, as amended by P.L.1990, ch. 259, § 1, and ch. 284, § 4, provides, in relevant part, as follows:

"**Murder.**—The unlawful killing of a human being with malice aforethought is murder. Every murder perpetrated by * * * wilful, deliberate, malicious and premeditated killing * * * is murder in the first degree. Any other murder is murder in the second degree."

According to defendant, both first- and second-degree murder require proof of "premeditation" and therefore constitute the same offense under *Blockburger.* We disagree that they share the element of premeditation but agree that, under *Blockburger,* they constitute the same offense because second-degree murder is a lesser-included offense of first-degree murder.

A. Premeditation Not Required

■ Under the Rhode Island statute, murder in the second degree or common-law murder requires an intentional killing. The formation of that intent need only be momentary. *State v. Fenik,* 45 R.I. 309, 315, 121 A.

218, 221 (1923). Murder in the first degree requires premeditation of more than a momentary duration. " 'In order to prove the commission of murder in the second degree, the state must prove beyond a reasonable doubt only that the defendant unlawfully killed the deceased with malice.' " *State v. Mattatall,* 603 A.2d 1098, 1106 (R.I.), *cert. denied,* —— U.S. ——, 113 S.Ct. 117, 121 L.Ed.2d 74 (1992). *Accord United States v. Lame,* 716 F.2d 515, 518 (8th Cir.1983). " 'Malice may be inferred from the attending circumstances surrounding a defendant's conduct.' * * * We draw from this principle the holding that malice may be inferred from the very nature of the killing itself," including the use of a deadly weapon. 603 A.2d at 1107.

■ " 'Premeditation and deliberation[, however,] are not elements of murder in the second degree.' " *Id.* at 1106. *Accord* Wayne R. LaFave & Austin W. Scott, Jr., *Criminal Law* § 7.7(e) at 648 (2d ed. 1986). An unlawful killing that is deliberate and premeditated distinguishes first-degree murder from murder in the second degree. *See Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2784, 61 L.Ed.2d 560, 567 (1979) (interpreting Va.Code § 18.2–32 (1975), which provides a definition of murder in the first degree virtually identical to the definition set forth in § 11–23–1); *United States v. Harrelson,* 766 F.2d 186, 189 (5th Cir.1985) (second-degree murder "is distinguished from first degree murder by the absence of premeditation"); *State v. Amazeen,* 526 A.2d 1268, 1271 (R.I.1987). *See also* LaFave & Scott, *supra,* § 7.7(a), (e) at 642–43, 648; *Black's Law Dictionary* 1180 (6th ed. 1990). When the duration of the defendant's formation of intent to kill is insufficient to support a conviction of first-degree murder, a finding of second-degree murder is often appropriate. *See, e.g., Amazeen,* 526 A.2d at 1271; *State v. Clark,* 423 A.2d 1151, 1161 (R.I.1980).

Hence, we conclude that although both second-degree murder and first-degree murder require the element of malice aforethought, first-degree murder also requires proof of premeditation of more than a momentary duration and proof of deliberation whereas second-degree murder does not.

### B. A Lesser–Included Offense

 Notwithstanding our conclusion that murder in the first degree requires an additional element distinct from murder in the second degree, it is clear that murder in the second degree and murder in the first degree are not separate crimes in that *each* of them does not require proof of a fact that the other does not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. That is, murder in the second degree does not contain elements distinct from those required to prove murder in the first degree; murder in the first degree requires the element of premeditation that is not required for murder in the second degree. Therefore, second-degree murder is a lesser-included offense of first-degree murder. *State v. Casasanta*, 29 R.I. 587, 598, 73 A. 312, 317 (1909). Accordingly, it would be impermissible to charge a defendant with murder in the second degree and, subsequent to disposition of the charge, then charge him or her with first-degree murder. *Brown*, 432 U.S. at 168, 97 S.Ct. at 2227, 53 L.Ed.2d at 196. This is illustrative of the doctrine that a trial for a lesser-included offense will preclude a successive trial for a greater offense. *Id.*

 Trial of lesser-included offenses contemporaneously with the trial for the greater offense does not violate principles of double jeopardy. *State v. Walsh*, 113 R.I. 118, 122–23, 318 A.2d 463, 466 (1974). Because defendant in the instant case was placed on trial for first-degree murder, he was also on trial for all lesser-included offenses and, thus, was simultaneously on trial for murder in the second degree and manslaughter. The defendant's right against double jeopardy was therefore not violated when he was initially tried. The operative inquiry thus becomes whether the *retrial* of the lesser-included offenses is violative of the double-jeopardy clause.

### C. No Bar to Retrial

 In this case the jury acquitted defendant of murder in the first degree but failed to reach an agreement on the lesser-included offense of murder in the second degree.[2] The failure to reach agreement on the lesser-included offense of murder in the second degree did not constitute an acquittal of that charge or of any other lesser-included offense to which evidence in the case might apply. Consequently, "[t]he fifth amendment's double jeopardy clause does not bar the Government from subjecting [defendant] to a second trial * * * for the lesser included offenses on which the jury was deadlocked." *United States v. Gooday*, 714 F.2d 80, 83 (9th Cir.1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 884 (1984).

### IV

### EFFECT OF FAMILY COURT PROCEEDING

 Relying upon *Breed v. Jones*, 421 U.S. 519, 537–38, 95 S.Ct. 1779, 1790, 44 L.Ed.2d 346, 360 (1975) (requiring juvenile-transfer proceedings to take place prior to the initiation of criminal adjudicatory proceedings), defendant also contended that the double-jeopardy clause bars the state from prosecuting defendant in the Superior Court following his participation in a waiver-of-jurisdiction hearing in the Family Court. We disagree.

 The double-jeopardy clause applies only to proceedings that are "'essentially criminal.'" *Breed*, 421 U.S. at 528, 95 S.Ct. at 1785, 44 L.Ed.2d at 355. Thus, when the objective of a proceeding is punishment, jeopardy will attach so as to prohibit a second prosecution for the same violation. *Helvering v. Mitchell*, 303 U.S. 391, 398, 58 S.Ct. 630, 632, 82 L.Ed. 917, 921 (1938).

Application of these principles convinces us that jeopardy did not attach at defendant's Family Court waiver-of-jurisdiction hearing conducted pursuant to G.L.1956 (1981 Reenactment) §§ 14–1–7 and 14–1–7.1, as enacted by P.L.1990, ch. 15, § 2, and ch. 18, § 2.

---

2. A retrial after a mistrial may present an issue of double jeopardy unless the mistrial is based on reasons of manifest necessity or unless the defendant consented or requested a mistrial. *State v. Torres*, 524 A.2d 1120, 1123 (R.I.1987). A genuinely deadlocked jury provides a manifest necessity for a mistrial. *See Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717, 730 (1978).

Under § 14–1–7.1, the hearing in Family Court did not subject defendant to the risk of punishment, but served to determine whether "probable cause exist[ed] to believe that the offense charged ha[d] been committed and that the * * * [defendant] ha[d] committed it." Section 14–1–7.1(a). In contrast, the "transfer" hearing at issue in *Breed* actually amounted to an adjudicatory proceeding, the objective of which was to determine whether the juvenile had committed a criminal violation, the possible consequences of which included incarceration. *Breed,* 421 U.S. at 521, 529, 95 S.Ct. at 1781, 1785, 44 L.Ed.2d at 351, 355.

Moreover, the Rhode Island Family Court's waiver provisions fully satisfy the express mandates of *Breed,* which require only that state determinations of whether to transfer juveniles out of Family Court precede the commencement of proceedings that could culminate "in an adjudication that [they] ha[ve] violated a criminal law and in a substantial deprivation of liberty." *Id.* at 537–38, 95 S.Ct. at 1790, 44 L.Ed.2d at 360.[3] Under § 14–1–7.1, the Family Court's determination of probable cause must be made prior to the initiation of proceedings in "the appropriate adult court." The double-jeopardy clause is not, therefore, a bar to the prosecution of the defendant in Superior Court subsequent to the defendant's waiver-of-jurisdiction hearing in the Family Court.

We conclude, therefore, that retrial of the defendant on the second-degree-murder charge is not violative of the prohibition against double jeopardy. Consequently, the defendant's appeal is denied and dismissed, the orders appealed from are hereby affirmed, and the papers in the case are remitted to the Superior Court.

---

**3.** The *Breed* Court fell far short of condemning juvenile-transfer proceedings as violative of the Fifth Amendment, carefully noting that nothing it decided foreclosed "States from requiring, as a prerequisite to the transfer of a juvenile, substantial evidence that he committed the offense charged, so long as the showing required is not made in an adjudicatory proceeding. * * * The instant case is not one in which the judicial determination was simply a finding of, *e.g.,* probable cause. Rather, it was an adjudication that respondent had violated a criminal statute." *Breed v. Jones,* 421 U.S. 519, 538 n. 18, 95 S.Ct. 1779, 1790 n. 18, 44 L.Ed.2d 346, 360 n. 18 (1975).