STATE

v.

Michael SABETTA.

No. 95–287–C.A.

Supreme Court of Rhode Island.

March 11, 1996.

Andrea Mendes, Aaron Weisman, Providence, for Plaintiff.

Gerard M. DeCelles, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on January 24, 1996, pursuant to an order directing the defendant, Michael Sabetta, to appear and show cause why his appeal should not be summarily decided. The defendant appeals from a judgment of conviction of one count of assault with a dangerous weapon in violation of G.L.1956 § 11–5–2, as amended by P.L.1991, ch. 324, § 1, and of one count of leaving the scene of an accident resulting in personal injury in violation of G.L.1956 § 31–26–1.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown and that the appeal will be decided at this time.

The evidence at trial established that the state's witness, while driving home from the Foxwoods casino in Ledyard, Connecticut, was overtaken by a car operated by defendant. Allegedly the witness owed defendant money. The defendant then, using his car, collided with the victim's vehicle several times and shouted threats out the window. Subsequently the victim reported the matter to police.

On appeal defendant claims that because he was convicted of two offenses arising out of the same nucleus of operative facts, the double-jeopardy clauses of the United States and the Rhode Island Constitutions have been violated. The defendant's argument is without merit.

■ In determining whether a defendant is threatened with being twice prosecuted for the same offense, this court applies "the same evidence test." That is, whenever a defendant is charged under multiple statutory provisions based on a single criminal episode, that defendant "may be prosecuted for each offense only if each crime requires 'proof of an element distinct from the other.'" *State v. Grabowski*, 644 A.2d 1282, 1285 (R.I.1994) (quoting *State v. Malouin*, 433 A.2d 176, 178 (R.I.1981)). There can be no doubt that an assault with a dangerous weapon under § 11–5–2 and leaving the scene of an accident under § 31–26–1 require proof of different elements.

■ Second, defendant argues that he could not have been found guilty of the *intentional* act of assault in count 1 if the incident was an *accident* for the purposes of count 2. In *State v. Smyth*, 121 R.I. 188, 190–92, 397 A.2d 497, 498–99 (1979), this court held that a defendant who deliberately drove his truck into the rear end of an automobile, causing personal injury to the occupants of the automobile, and then left the scene without identifying himself could be found guilty of having left the scene of the accident under § 31–26–1. The court determined that the term "accident" included all collisions, intentional as well as unintentional. *Smyth*, 121 R.I. at 192, 397 A.2d at 499. Specifically, we held that "[t]he statute * * * is unconcerned with the cause of the accident—whether it be by act of God, by negligent conduct, by willful or wanton conduct, or by intentional act." *Id.* Although defendant has requested that this court reexamine *Smyth*, we decline to do so at this time.

■ The defendant also contends that there was no evidence that he knew that the victim had been injured. Subsection (a) of § 31–26–1 provides that "[t]he driver of any vehicle knowingly involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident." Subsection (b) sets out the penalties for any person convicted of "knowingly failing to stop or to comply with the requirements under the circumstances which result in injury to any person." In *State v. Szarek*, 433 A.2d 193, 197 (R.I.1981), this court held that the statute does not require direct evidence of actual knowledge

of the accident. We stated that "[a] violation of the statute also occurs in cases in which the evidence indicates that the driver reasonably *should have known* that he was involved in an accident resulting in injury or death." *Id.* at 197 n. 5. This court is of the opinion that when one intentionally rams his or her motor vehicle into another motor vehicle occupied by any persons, injury to the occupants of that motor vehicle may be inferred.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.