STATE

v.

Juan MOREJON.

No. 95–631–C.A.

Supreme Court of Rhode Island.

May 9, 1996.

Andrea Mendes, Special Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

John F. Cicilline, Marie T. Roebuck, Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument April 8, 1996, pursuant to an order that had directed both parties to appear before this court in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The state appeals from the granting of motions to dismiss four counts of a five-count indictment returned by a grand jury against the defendant, Juan Morejon, on double-jeopardy grounds. The defendant has filed a cross-appeal to the denial of his motion to dismiss all counts of the indictment on the ground that he was denied a speedy trial in

violation of his Sixth Amendment right as construed in *Barker v. Wingo,* 407 U.S. 514, 530–33, 92 S.Ct. 2182, 2191–93, 33 L.Ed.2d 101, 116–19 (1972). The facts of the case insofar as pertinent to this appeal are as follows.

On April 17, 1986, members of the Providence police department pursued a vehicle operated by defendant after having attempted to stop the vehicle for a traffic violation. In the course of this pursuit, defendant threw a pistol from the car. Shortly thereafter, defendant's vehicle collided with another car, killing a passenger and injuring two other passengers. As a result of this series of acts, defendant was charged with and pleaded nolo contendere to charges of driving so as to endanger, death resulting; carrying a pistol without a license; leaving the scene of an accident with death resulting; and reckless driving and eluding the police. In the course of investigating the original charges, members of the Providence police department determined the pistol to have been used on April 15, 1986, to shoot one Jorge Hildago (Hildago) at approximately 6:15 a.m. as he waited for a bus. The shot resulted in Hildago's death. Further investigation by the Providence police led them to believe that defendant had been hired by one Luis Calderin to kill Hildago. Following this investigation, the grand jury returned an indictment charging defendant with (1) conspiracy, (2) murder in the first degree, (3) carrying a pistol without a license, (4) carrying arms during the commission of a violent crime, and (5) possession of a pistol by an alien.

■ The defendant moved to dismiss counts 2 through 5 of the indictment on double-jeopardy grounds, arguing that the gun which he had thrown from his vehicle on April 17 was the same gun that would be used to convict him of the other offenses. The trial justice granted this motion and denied the motion to dismiss all charges on speedy-trial grounds. On appeal the state claims that the trial justice erred in granting the motion to dismiss the four counts on double-jeopardy grounds and points out that this court in *State v. Davis,* 120 R.I. 82, 86, 384 A.2d 1061, 1064 (1978), has adopted the

same-elements test as set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Davis* we stated that the *Blockburger* test is often referred to as the "same evidence" test and is stated as follows:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Davis,* 120 R.I. at 86, 384 A.2d at 1064 (quoting *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309).

We went on to say that the "test centers on the elements of the two crimes with the goal of ascertaining whether each crime charged, notwithstanding a possible factual overlap, requires proof of an element that the other does not." *Id.* at 86, 384 A.2d at 1064 (citing *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293–94 n. 17, 43 L.Ed.2d 616, 627 n. 17 (1975)).

■ In the case at bar the state's appeal must be sustained in part since three of the charges are not based on the same act or transaction. The transaction of April 17 (the high-speed chase) is wholly distinct and different from the transaction of April 15, during which the murder of Jorge Hildago and other ancillary offenses were committed. The mere fact that the same gun would be submitted as evidence of the commission of offenses in respect to both transactions would not meet the same-elements test set forth in *Blockburger.*

The charges of murder, carrying arms during the commission of a violent crime, and possession of a pistol by an alien would all require proof of facts that were not necessary to be proved in regard to the April 17 offenses. By the same token the charge of possession of a pistol without a license would require proof of facts that were not necessary to the charge of murder, carrying arms during the commission of a violent crime, and possession of a pistol by an alien. Consequently the state's appeal from the dismissal

of counts 2, 4, and 5 of the indictment is sustained.

■ In respect to the charge of possession of a pistol without a license on April 15, 1986, we are of the opinion that that is the same charge to which defendant pleaded nolo contendere on February 8, 1988. This determination is required by the opinion of the United States Supreme Court in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In that case the State of Ohio sought to divide the offenses of joyriding and auto theft by focusing the charges on different days or parts of a nine-day joyride. *Id.* at 164, 97 S.Ct. at 2224, 53 L.Ed.2d at 193. The Court rejected this attempt and pointed out that there was a single transaction since the Ohio Legislature had not provided "that joyriding [was] a separate offense for each day in which [the] motor vehicle is operated without the owner's consent." *Id.* at 169 n. 8, 97 S.Ct. at 2227 n. 8, 53 L.Ed.2d at 196 n. 8. Similarly in the case at bar the possession of a pistol without a license was not divided by the Rhode Island Legislature into a separate offense for each day of possession. Consequently the trial justice was correct in dismissing the charge of possession of a pistol without a license in relation to the April 15 offense on double-jeopardy grounds.

■ In respect to defendant's cross-appeal, we cannot address the issues raised on the merits since this appeal is from an interlocutory determination. The denial of a motion to dismiss a criminal action (with the exception of a motion on double-jeopardy or collateral-estoppel grounds) is not a final judgment from which an appeal may be taken. *State v. Wiggs*, 635 A.2d 272, 275 (R.I. 1993).

For the reasons stated, the state's appeal from the dismissal of counts 2, 4, and 5 of the indictment is sustained. The order dismissing these counts is vacated. The appeal of the state from the order dismissing count 3 is denied. The defendant's cross-appeal from the denial of his motion to dismiss the indictment on speedy-trial grounds is dismissed without prejudice as interlocutory. The papers in the case may be remanded to the Superior Court with directions to reinstate counts 2, 4, and 5 of the indictment and for further proceedings consistent with this opinion.