**STATE**

v.

**Clifford A. NORTHUP.**

**No. 96–338–C.A.**

Supreme Court of Rhode Island.

Feb. 10, 1997.

Andrea Mendes, Aaron Weisman, Providence.

James T. McCormick, Providence.

**ORDER**

This case came before the court for oral argument January 23, 1997, pursuant to an order that had directed the defendant to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and the issues raised by this appeal should be decided at this time.

The defendant appeals from an order of a justice of the Superior Court denying a motion for judgment of acquittal in the course of a trial in which the defendant was charged with assault with intent to murder, assault with a dangerous weapon, assault and battery resulting in serious bodily injury, and three counts of conspiracy. Following the denial of the motion for judgment of acquittal on the three assault counts, the case was submitted to the jury who failed to agree on the issue of guilt or innocence. Consequently, the trial justice declared a mistrial. Following the declaration of a mistrial, the defendant filed the instant appeal.

A denial of a motion for judgment of acquittal followed by a mistrial due to the inability of a jury to agree upon a verdict does not constitute a final judgment in the Superior Court. A mistrial due to an inability of a jury to reach a verdict does not bar a retrial on principles of double jeopardy. A defendant has no right to have the sufficiency of the evidence reviewed on appeal following a mistrial as he would following a conviction. *See Richardson v. United States,* 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242, 251 (1984); *see also State v. Grabowski,* 644 A.2d 1282, 1286 (R.I.1994); *State v. Donato,* 414 A.2d 797, 800–01 (R.I. 1980).

Consequently, the defendant's appeal is denied and dismissed as interlocutory. The papers in the case may be remanded to the Superior Court for further proceedings.