STATE

v.

**George D. HANEY.**

**No. 2003–89–C.A.**

Supreme Court of Rhode Island.

March 12, 2004.

Jane M. McSoley, Esq., Providence, for Plaintiff.

Paula Rosin, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., and FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

**OPINION**

PER CURIAM.

The only issue on this appeal is whether double-jeopardy considerations barred the prosecution of this case. The defendant, George D. Haney, appeals from a Superior Court judgment convicting him of one count of domestic assault in violation of G.L. 1956 § 11–5–3 and one count of driving a vehicle without the consent of the owner in violation of G.L. 1956 § 31–9–1. The court sentenced him to eight years on the domestic assault charge, with six years to serve and two years suspended with probation.[1] The defendant also received a

---

1. This was the defendant's third conviction for domestic assault. Therefore, under the Domestic Violence Prevention Act, the court treated defendant's third conviction as a felony and sentenced him accordingly. See G.L. 1956 § 12–29–5(c)(ii)(1).

concurrent one-year suspended sentence on the charge of driving without consent.

In the early evening of March 2, 2002, defendant assaulted his girlfriend in Glocester while she drove defendant in her car to their home in Burrillville. Later on that same evening, after defendant and his girlfriend arrived at their home in Burrillville, defendant again assaulted her and drove her vehicle without her consent. As a result of the Glocester assault, defendant eventually pled *nolo contendere* to simple domestic assault in Superior Court. Thereafter, the state prosecuted defendant for the offenses he committed in Burrillville, leading to his convictions after a jury returned guilty verdicts at the trial.

This appeal followed. A single justice of this Court ordered the parties to show cause why we should not decide this case summarily. Because they have not done so, we proceed to resolve the appeal at this time.

■ We agree with the trial justice that defendant waived his double-jeopardy argument because he did not raise it in a timely manner. *See, e.g., State v. McGuy,* 841 A.2d 1109, 1115 (R.I.2003); *State v. Oliveira,* 774 A.2d 893, 920 (R.I.2001). Rule 12(b)(2) of the Superior Court Rules of Criminal Procedure provides that the defense of double jeopardy must be raised as a pretrial motion or it will be considered waived. Here, defendant delayed moving for dismissal based on double-jeopardy grounds until the third day of trial, after the court had impaneled the jury. Therefore, the trial justice properly held that defendant waived his double-jeopardy challenge by failing to raise it in a pretrial motion.

Although Rule 12(b)(2) authorized the trial justice to relieve the defendant from his waiver upon a showing of good cause, defendant failed to show any cause justifying his failure to raise the double-jeopardy

argument in a pretrial motion. *Compare Thornley v. Mullen,* 115 R.I. 505, 511, 349 A.2d 158, 161 (1975) (upholding relief from waiver when the law changed after defendant's trial), *with State v. Sharbuno,* 120 R.I. 714, 722, 390 A.2d 915, 920 (1978) (affirming waiver of double-jeopardy argument when the defendant failed to show good cause for not asserting it before trial). The trial justice found that defendant had ample opportunity to raise this issue in a pretrial motion because both defendant and his counsel knew of the pending charges in this matter when defendant pled *nolo contendere* to the first assault in Glocester. *Cf. State v. Grullon,* 117 R.I. 682, 687, 371 A.2d 265, 268 (1977) (indicating that, but for trial justice's discretionary decision to hear the motion on its merits without opposition by the state, relief from waiver was not appropriate when defendant had ample opportunity to discover legal grounds on which he based his double-jeopardy argument). Accordingly, we uphold the trial justice's decision not to relieve defendant of his waiver.

■ Even if we could reach the merits of defendant's argument, we still would reject his contention that the state placed him in double jeopardy when it prosecuted him for two separate and distinct assaults occurring in two different jurisdictions. A double-jeopardy situation arises when, for example, the state charges a defendant with two crimes arising from the "*same act or transaction*" and neither crime charged requires proof of an element that the other does not. *State v. Davis,* 120 R.I. 82, 86, 384 A.2d 1061, 1064 (1978) (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). (Emphasis added.) Therefore, before a defendant can even raise this type of a double-jeopardy challenge, he or she must face multiple charges arising out of the same act or transaction. *See id.*

Here, defendant does not even present us with a colorable double-jeopardy situation because his two domestic-assault convictions did not arise from the same act or transaction. Instead, the state prosecuted defendant for two separate assaults that occurred in two separate jurisdictions at different times on the same evening. Although the trial justice declined to reach the merits of defendant's double-jeopardy challenge, she nevertheless found that the assaults were not a single continuous offense. She stated: "[T]he evidence was uncontradicted. The first assault had long since been completed before the second assault occurred. There were physical and temporal interruptions that broke any continuity."

We agree. The evidence showed that defendant's assault convictions arose from separate acts. Although defendant committed both crimes on the same evening, approximately fifteen minutes elapsed between the first assault in Glocester and the second assault in Burrillville. This fifteen-minute interval provided defendant with sufficient opportunity to reflect on his assaultive conduct and to forbear from committing another crime. Instead, he chose to assault his girlfriend a second time. The fact that the parties may have continued to argue with each other during the interim does not mean that the assaults were one continuing offense. The key fact is that the assaultive behavior stopped for at least a fifteen-minute interval before it began again in another place. Indeed, the offenses occurred in two different towns: the defendant initially assaulted his girlfriend while she was driving with him in her car in Glocester, and then he attacked her again after they arrived at their home in Burrillville. Because the defendant assaulted the victim on two separate occasions, at different times and in different places, the two convictions do not violate defendant's double-jeopardy rights.

Given that the trial justice correctly found that the defendant's assault convictions arose from separate acts, we need not address the merits of the defendant's remaining arguments, all of which are predicated on his assertion that both assaults were part of a single, continuous act.

For these reasons, we affirm the convictions.