**Ronald BROWN**

v.

**RHODE ISLAND DEPARTMENT OF TRANSPORTATION.**

**No. 92–365–M.P.**

Supreme Court of Rhode Island.

March 22, 1994.

Kenneth R. Tremlay, Portsmouth, for plaintiff.

Jeffrey Pine, Atty. Gen., John E. Sullivan, III, Sp. Asst. Atty. Gen., for defendant.

## OPINION

WEISBERGER, Acting Chief Justice.

This case comes before us on a petition for certiorari filed by the Rhode Island Department of Transportation seeking to review a decision of the District Court. That decision reversed a decision of the Administrative Adjudication Division Appeals Board [1] that had sustained a finding of a violation of G.L.1956 (1982 Reenactment) § 31–27–2.1, as amended by P.L.1990, ch. 329, § 1, in Ronald Brown's refusing to submit to a chemical test of his

breath. Brown's driver's license was suspended, and he was later notified that his registrations of any motor vehicles would be suspended until he could present proof of financial responsibility by arranging for an insurance policy.

The Sixth Division District Court reversed the finding of violation on the ground that the report of the law enforcement officer did not show that Brown had been informed that as one of the consequences of his refusal, his registrations would be suspended unless and until he was able to establish financial responsibility. For reasons that we shall set forth, the order of the Sixth Division District Court is quashed in part and affirmed in part.

This case is wholly controlled by our opinion in *Levesque v. Rhode Island Department of Transportation*, 626 A.2d 1286 (R.I.1993). In that case a similar question was presented. A motorist was found to be in violation of § 31–27–2.1 by the Administrative Adjudication Division. His license was suspended, and his registrations were also suspended. He raised the same issue as is raised in this case. He asserted that he had not been warned prior to his refusal to take a chemical test that his registrations would be suspended.

We held that the suspension of a motorist's registration without warning of this consequence and without first offering him or her the opportunity of a hearing was a denial of due process. *Levesque*, 626 A.2d at 1290. However, we further commented that the vacating of the violation was too broad.

> "The District Court was correct in voiding the registration suspension because it is a consequence of which Levesque was not informed. But since the driver was adequately informed of the other penalties he could incur because of his failure to submit to the breathalyzer test, those penalties and the violation should have been affirmed." *Id.* at 1291.

1. This tribunal is now designated the Appellate Division of the Administrative Adjudication Court. *See* G.L.1956 (1982 Reenactment) § 31–43–1, as amended by P.L.1992, ch. 453, § 3 and Compiler's Notes.

Since the case at bar raises the identical issue, we are inevitably led to the same conclusion.

The petition for certiorari is granted in part and denied in part. The order vacating the violation for refusal to submit to the chemical test is quashed. The order vacating the suspension of the registration is affirmed. The papers in the case are remanded to the District Court with our decision endorsed thereon.