**254**

Nicholas GEMMA

v.

STATE of Rhode Island, ex rel. TOWN
OF WEST WARWICK.

No. 95–75–M.P.

Supreme Court of Rhode Island.

March 9, 1995.

Gordon Smith, Michael Grant.

Aaron Weisman, John P. Larochelle.

### ORDER

Petitioner in this case seeks a writ of certiorari to review a decision of an Administrative Adjudication Court appeals panel. The appeals panel has affirmed a hearing judge's order sustaining a charge that petitioner had refused to submit to a chemical test in violation of G.L.1956 (1994 Reenactment) § 31–27–2.1, and petitioner challenges that ruling as erroneous in several respects. After carefully reviewing the petitioner's contentions, we disagree.

The appeals panel in this case properly addressed all of the issues submitted to that tribunal. We are of the opinion that the circumstances in which police encountered petitioner at the scene of this accident established reasonable grounds for the officer's belief that petitioner was the operator of the vehicle that had struck the pedestrians in this case, and that he had operated the vehicle while under the influence of alcohol. Further, under the circumstances of this case, *Miranda* warnings were not required prior to the administering of the field sobriety tests. *Pennsylvania v. Bruder*, 488 U.S. 9, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988) per curiam. Finally, petitioner was adequately advised of the penalties he would incur if he refused to submit to a breathalyzer test.

Accordingly, the petition for writ of certiorari is denied.

MURRAY, J., did not participate.

JAMESTOWN LAND CO., INC.

v.

Robert W. SUTTON, Jr., in his capacity
as Treasurer of the Town of Jamestown,
and the Town of Jamestown.

No. 94–461–Appeal.

Supreme Court of Rhode Island.

March 9, 1995.

Fran Robins–Liben, Christopher Little.

James Donnelly.

### ORDER

This came before the court for oral argument February 20, 1995 pursuant to an order that had directed the defendant, Treasurer of the Town of Jamestown (treasurer), to appear in order to show cause why his appeal should not be summarily denied and dismissed.

After hearing the arguments of counsel and examining the memoranda filed by the court, we are of the opinion that cause has not been shown.

It is clear from an examination of the record in this case, that the decision of the Superior Court justice denying the treasurer's motion to dismiss and granting the plaintiff's motion to amend are interlocutory orders and not final judgments. An appeal does not lie from such interlocutory decisions, but only from final judgments. *See Lincoln v. Cournoyer*, 118 R.I. 644 at 648–49, 375 A.2d 410 at 412–13 (1977).

Consequently, the appeal of the defendant treasurer is denied and dismissed.