Silvana SOARES and Manuel Soares

v.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,
Alias John Doe.

No. 95–679–Appeal.

Supreme Court of Rhode Island.

March 19, 1997.

John T. Longo, Stephen C. Mackie, Providence.

John M. Boland, Providence.

## ORDER

This matter came before the Supreme Court on March 7, 1997 pursuant to an order that directed the plaintiffs, Manuel A. Soares and Silvana Soares, to show cause why the issues raised in this appeal should not be summarily decided. The plaintiffs have appealed from a judgment entered following a jury verdict for the defendant, Nationwide Mutual Fire Insurance Company. After reviewing the memoranda of the parties and after hearing the arguments of counsel, we are of the opinion that cause has not been shown, and therefore the appeal will be decided at this time.

The plaintiffs, who are husband and wife, filed a claim with the defendant insurance company for a burglary that allegedly took place on October 30, 1990, at their home in Smithfield, Rhode Island. The defendant denied the claim. On October 30, 1991, plaintiffs filed a complaint in Superior Court alleging that defendant wrongfully denied their claim. The defendant claimed that plaintiffs violated the fraud and concealment clause of the policy and committed fraud, misrepresentation, and false swearing. After a trial, the jury answered special interrogatories and concluded that plaintiffs did not prove that a loss had occurred at their home.

The plaintiffs have raised three issues on appeal. First, plaintiffs contended that the trial justice erred in limiting the testimony of Silvana Soares (Silvana), a native of Iraq, by not allowing her to testify about the cultural heritage of Iraq toward gold. Silvana, however, did testify at trial that she and her husband owned a great deal of gold because she "like[d] to buy gold to save it; something we do in my country." She also testified, "I buy it for the value for us. Some value for me better than money in the bank. That's how I think." In light of Silvana's testimony about why she and her husband owned a great deal of gold jewelry, her allegation of having been precluded from testifying about her cultural affinity toward gold is without merit.

The plaintiffs next contended that the trial justice erred in allowing defendant to introduce evidence of the past criminal record of Manuel Soares (Manuel). In 1976, Manuel pleaded guilty to filing a false police report and pleaded nolo contendere to conspiracy to obtain money under false pretenses and to obtaining money under false pretenses. The plaintiffs argued that the prejudicial effect of these convictions outweighed their impeachment value and that the convictions were inadmissible character evidence. The defendant countered that the convictions were admissible in respect to its false swearing claim because Manuel had given a sworn statement under oath and knowingly concealed his prior criminal record during defendant's investigation of plaintiffs' claim. Moreover, defendants contended that if Manuel was shown to have made false statements under oath to the insurance company, then the insurance policy became void under the policy's "Concealment of Fraud" clause. The trial justice ruled that Manuel's prior criminal record was admissible to establish defendant's affirmative defense of false swearing, and he instructed the jury that Manuel's conviction was admissible "only in connection with Nationwide's affirmative defense that Mr. Soares violated the policy's fraud and concealment clause."

The plaintiffs also claimed that their false answers were harmless, innocent mistakes, and that defendant failed to show that the untrue statements were made with the intention of deceiving and prejudiced the insurance company.

This Court has stated that the admissibility of evidence is within the sound discretion of the trial justice, and this Court will not

interfere with the trial justice's decision unless a clear abuse of that discretion is apparent. *Cuddy v. Schiavonne*, 568 A.2d 1387, 1389 (R.I.1990). On the basis of our review of the record, we conclude that the trial justice did not abuse his discretion in admitting this evidence. Clearly, Manuel has no right to be protected from the false swearing that was admissible on the issue of his credibility.

We have examined plaintiffs' objection in respect to jury instructions and conclude that it is without merit.

In summary, we deny and dismiss the appeal and return the papers to the Superior Court.