### STATE

v.

### Richard C. HART.

### No. 96–527–C.A..

Supreme Court of Rhode Island.

May 5, 1997.

David D. Prior, Aaron L. Weisman, Providence, for Plaintiff.

David N. Cicilline, Providence, Dianne L. Izzo, North Kingstown, for Defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

### OPINION

PER CURIAM.

This case came before the court for oral argument April 7, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised in this appeal should be decided at this time.

The defendant appeals from an order of a justice of the Superior Court denying his motion to dismiss a complaint for driving under the influence of liquor in violation of G.L.1956 § 31–27–2 on double-jeopardy grounds. The defendant notes that the Administrative Adjudication Court has already sustained charges that he failed to submit to

682

a breathalyzer test in violation of § 31–27–2.1. The defendant argues that the punishment imposed for refusing the breathalyzer examination precludes the prosecution for driving under the influence of liquor pursuant to the case of *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). We are of the opinion that *Halper* is not controlling in respect to the case at bar.

Although the breathalyzer statute is civil rather than criminal in nature, we shall assume, for purposes of this opinion, that it has punitive aspects. *See id.* at 446–50, 109 S.Ct. at 1901–02, 104 L.Ed.2d at 500–03. In the event that a single transaction constitutes an offense against two separate statutes, the question of whether they constitute the same offense or separate offenses has been considered by us in *State v. Morejon,* 675 A.2d 410 (R.I.1996). In that case we analyzed the problem pursuant to the teaching of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We cited our prior case of *State v. Davis,* 120 R.I. 82, 86, 384 A.2d 1061, 1064 (1978), in which we made the following comment: "[T]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of [an additional] fact which the other does not." *Id.* (quoting *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309).

In the case at bar, it is clear that refusing a breathalyzer test and driving under the influence of liquor are wholly distinct and separate offenses as each requires proof of one or more elements which the other does not. For example, driving under the influence of liquor does not include the element of refusing a breathalyzer test. Refusing a breathalyzer test does not include the element of driving under the influence of liquor.

For the reasons stated, the defendant's appeal is denied and dismissed. The order of the Superior Court declining to dismiss the charge of driving under the influence of liquor is affirmed.