STATE

v.

**William M. FRANCIS.**

No. 97–368–Appeal

Supreme Court of Rhode Island.

Nov. 4, 1998.

Jane M. Mcsoley, Randall White, Aaron L. Weisman, Providence, for plaintiff.

David P. Kerins, Newport, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before the Supreme Court on October 5, 1998, pursuant to an order directing the state and the defendant, William M. Francis, to appear and show cause why the issues raised by this petition for certiorari should not be summarily decided. The state petitioned for our review following the District Court's denial of its motion to decide prior to trial the defendant's motion to suppress. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, we shall decide the case at this time.

On the day of trial, prior to the swearing of any witnesses, the state made an oral request that defendant's motion to suppress be heard and decided before the commencement of trial and the attachment of jeopardy. After hearing the arguments of counsel for both parties, the District Court judge denied the state's request for a pretrial hearing on the motion to suppress, but granted the state's request to stay the trial in order to allow the state to petition this Court for issuance of a writ of certiorari. We granted the petition on May 22, 1998.

Jeopardy attaches in District Court proceedings, *State v. Anthony,* 713 A.2d 207 (R.I.1998), just as it attaches in Superior Court proceedings. In a nonjury case, jeopardy attaches when the first witness is sworn, *Crist v. Bretz,* 437 U.S. 28, 37 n. 15, 98 S.Ct. 2156, 2162 n. 15, 57 L.Ed.2d 24, 32 n. 15 (1978); *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265, 274 (1975). In a jury trial, jeopardy attaches when the jury is empaneled and sworn, *Crist,* 437 U.S. at 36, 98 S.Ct. at 2161, 57 L.Ed.2d at 32; *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642, 650 (1977).

In *State v. Maloney,* 111 R.I. 133, 144, 300 A.2d 259, 265 (1973), this Court held that "in all criminal trials conducted subsequent to the filing of this opinion, efforts to suppress evidence must be, by motions, made and heard *prior to trial.*" (Emphasis added.) This rule is necessary because postponement of the suppression hearing until after trial has begun would subvert the state's right to appeal a suppression, because jeopardy then would have attached. *State v. Verlaque,* 465 A.2d 207, 211 (R.I.1983). *Maloney* involved a trial conducted in the Superior Court, whereas the trial at issue here will be conducted in the District Court. Nevertheless, the legal issue is identical, namely, the state would lose its right to seek review of the court's ruling because of a defendant's right not to be subject twice to jeopardy.

*Maloney* pointed out that, "[i]t has long been and still is the rule in this jurisdiction that exclusion of evidence alleged to have been obtained illegally must be sought procedurally by a motion to suppress heard prior to trial." *Maloney,* 111 R.I. at 141, 300 A.2d at 264.

We reiterate this holding and specifically direct that the *Maloney* rule shall apply in all District Court criminal trials conducted subsequent to the filing of this opinion. As noted *ante,* postponement of the suppression hearing until the commencement of trial would forfeit the state's right to seek our review of the trial court's ruling, because jeopardy would have attached at that point. It is our opinion that in a criminal case, the state should be afforded the opportunity to challenge the exclusion of essential evidence. Therefore, the suppression hearing shall be held prior to trial. If the motion to suppress

is granted, the court shall, at the State's request, grant a stay to permit the filing of a petition for certiorari with this Court.

For these reasons, the petition for certiorari is granted. The order of the District Court declining to hear the motion to suppress prior to trial is quashed, and the District Court is hereby directed to hold the suppression hearing before trial begins. The papers in this case are remanded to the District Court with our decision endorsed thereon.