DECISION
Before the Court is the defendant's motion to reduce sentence pursuant to Rule 35 of the Rules of Criminal Procedure. The defendant seeks to reduce his sentence, the suspension of which was lifted when he was adjudicated to be a violator of his probation. The State objects to the motion.
 Facts/Travel
On May 24, 1990, the defendant, Arthur Greene, was sentenced on Case No. N2-89-0389A to twelve years, four to serve, eight suspended and eight probation after having been found guilty after trial on one count of delivery of heroin. The defendant was subsequently found to be a violator of this case on May 1, 1995. The Court removed the suspended sentence and ordered the defendant to serve eighteen months of the eight years previously suspended with the remaining six years and five months suspended and probation.
On July 13, 1995, Greene pled nolo contendere to charges of possession of a controlled substance with intent to deliver and delivery of a controlled substance in Case No. P2-95-1042A. The Court sentenced him to fifteen years, three years to serve, twelve years suspended and twelve years probation.
Upon his release from prison and to satisfy a condition of his probation, Greene enrolled in a residential drug treatment program. On holiday leave in the program, Greene stayed overnight at the home of his sister, Dorothy Birch, in Newport. The next morning, December 1, 1996, Greene watched television on the couch with his grandniece Emily while his sister and his other grandniece made breakfast in the next room[1]. A few days later, Emily confided in her mother and sister that Greene had sexually assaulted her when they were on the couch together. Emily's mother reported the incident to the police, and Greene was charged accordingly.
On December 17, 1996, Greene was presented as a violator of his probation pursuant to Rule 32 of the Rules of Criminal Procedure on both N2-89-0389A and P2-95-1042A. The violation hearing was twice continued, as Emily had since moved to South Carolina and failed to appear. Emily appeared at the February 20, 1997 hearing. Over the defendant's objections, the hearing proceeded as scheduled, and the trial justice found Greene to be a violator of his probation. The Court directed the removal of the suspension of the sentences previously imposed and ordered Greene to serve the full twelve years at the Adult Correctional Institution on P2-1042A and the seventy-seven months remaining on N2-89-0389A to run concurrently with each other.
The defendant appealed. The Rhode Island Supreme Court denied and dismissed the appeal and affirmed the adjudication of violation. Greene now moves to reduce his sentence under Rule 35 of the Rules of Criminal Procedure.
 Motion to Reduce
The defendant moves to reduce his sentence pursuant to Rule 35 of the Rhode Island Rules of Criminal Procedure. One of the provisions of that rule allows the Court to reduce any sentence within 120 days after the sentence is imposed.
The State of Rhode Island contends that the date of imposition of the sentence on N2-89-0389A was May 24, 1990 and P2-95-1042A was July 13, 1995. As a result, the State contends that the defendant's Rule 35 motion is not timely and therefore not properly before the Court.
Defendant Greene argues in his motion that the Court imposed his sentence at his probation revocation hearing on February 20, 1997. The instant motion pursuant to Rule 35 was filed within 120 days of the removal of the suspension of the twelve year sentence previously imposed. The defendant maintains that the filing of the within motion within 120 days of the defendant's revocation of probation was timely pursuant to Rule 35 of the Rhode Island Rules of Criminal Procedure.
The State argues that under either theory of the request for relief pursuant to Rule 35, the defendant has failed to meet the time constraints and conditions set out by the rule. The State relies in part upon State v. Lowell Sparks, No. 96-522MP, a Supreme Court Memorandum Opinion which addressed defendant's prayer for reduction of a sentence after a suspension had been removed and a term of imprisonment of eight and a half years was instituted.
In State v. Sparks, the defendant moved to reduce his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. No. 96-522-M.P., Order Entered at 2 (May 23, 1997). Like the within defendant, Sparks filed the motion within 120 days of revocation of his suspended sentence but more than 120 days since the imposition of the suspended sentence. The trial judge agreed with the State's argument that the Court was without jurisdiction under Rule 35 to reduce the previously imposed sentence. Nevertheless, the judge reduced the sentence under general equitable powers. Sparks at 2. The Supreme Court concluded that "there is no `equitable' authority for a trial justice to reduce a defendant's previously imposed sentence [after revocation]" and agreed with the State that the hearing judge was without jurisdiction to reduce a portion of defendant's sentence because the particular motion was not timely under Rule 35. Id. at 3 (emphasis added).
The defendant attacks the precedential value of the Memorandum Opinion, arguing that the holding is not controlling and in no way adds to Rhode Island law.
A Memorandum Opinion is one that is unsigned and includes a cursory discussion of the legal issues resolved. Joyce J. George,Judicial Opinion Writing Handbook 221 (3rd ed. 1993). In general, it is appropriate when applying existing law to a particular case will result in a certain outcome. George, at 221. The judiciary's treatment of this type of opinion varies from state to state. Although other jurisdictions consider it improper for publication or citation, in our jurisdiction, Memorandum Opinions are both published and cited with regularity.[2] Thus, the defendant's argument that the Memorandum Opinion at issue is totally devoid of precedential value fails. But cf. id. (A Memorandum Opinion is not proper for publication or citation and has no precedential value). See also, State v. DiPrete, 710 A.2d 1266, 1293 (R.I. 1998) ("never before, however, has this Court suggested that there is a difference in the validity and effect of a published versus unpublished order entered by this Court in disposing of an appellate proceeding before us") (Bourcier, J., dissenting).
Support for the proposition that this defendant is not entitled to the relief he seeks can be found in Rhode IslandCriminal Procedure, wherein the nature of a suspended sentence is contrasted with those of a deferred sentence and straight probation. John A. MacFadyen Barbara Hurst, Rhode Island Rulesof Criminal Procedure 333 (1996). A suspended sentence is imposed and fixed upon pronouncement. Id. See also, State v. Rice, No. 96-456-C.A., Slip Op. At 4 (R.I., filed March 24, 1999) (trial justice, in sentencing defendant as a probation violator, did not impose a new sentence and lacks the authority to do so); State v.Robalewski, 191 A.2d 148, 151 (R.I. 1963) (a suspended sentence is one actually imposed but the execution thereof is thereafter suspended). Alternatively, "no sentence is actually imposed when a defendant receives straight probation or a deferral." MacFadyen Hurst, at 334, n. 2. Thus, whereas a defendant-violator with straight probation or a deferred sentence may move within 120 days of the violation for a reduction, one with a suspended sentence may not move to reduce under Rule 35 unless it is within 120 days of pronouncement of the sentence. See also, In reLamarine, 527 A.2d 1133, 1135 (statute and district court rule which allow a defendant to appeal a sentence within five days of imposition was inapplicable to a probation-violation determination because the trial justice, in finding the defendant to be a violator, did not "sentence" her; rather, he executed a previously imposed sentence).
Furthermore, the rule allows the Court to "reduce a sentence, the execution of which has been suspended, upon revocation of probation." This power is in addition to those expressly granted in G.L. (1956) § 12-19-9, which provides that "upon determination that the defendant has violated the terms and conditions of his or her probation the court . . . may revoke the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, . . . or may continue the suspension as the court may seem just and proper." Therefore, the rule affords a defendant two opportunities to obtain a reduction in his suspended sentence. A defendant may move to reduce a sentence within 120 days of imposition, or the trial justice, adjudicating a defendant to be a violator of probation, may reduce a sentence upon revocation of suspension but before execution thereof. Hurst MacFadyen, at 333.
Since the defendant did not timely move within 120 days of imposition of his sentence, and since this Court chose not to exercise its authority under Rule 35 or G.L. § 12-19-9 to reduce the previously imposed sentence upon revocation, the defendant is not entitled to the relief he seeks. Furthermore, Greene has no right to equitable relief. See Sparks, at 3. Accordingly, the defendant's motion to reduce his sentence is denied.
[1] The Court is using a fictitious name for the minor.
[2] For Supreme Court Opinions citing Memorandum Opinions, see,e.g., Rhode Island Insurer's Insolvency Fund v. LevitonManufacturing Co., Inc., 716 A.2d 730, 736 (RI. 1998); State v.Saluter, 715 A.2d 1250, 1258 (R.I. 1998); Rhode IslandDepositors' Economic Protection Corp. V. Rignanese,714 A.2d 1190, 1194 (R.J. 1998); Morales v. Napolitano, 713 A.2d 193, 194 (R.I. 1998); State ex rel. Town of Middletown v. Anthony,713 A.2d 207, 210 (R.I. 1998).